## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMRAH KAZMI,<br><br>Plaintiff,<br><br>-versus-<br><br>WACHOVIA SECURITIES INC.,<br><br>Defendant. | Civil Action No. 08-cv-1708<br><br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Wachovia Capital Markets LLC, a corporation formed under the laws of the State of North Carolina, with its principal place of business located at 391 S. College Street, TW-8, Charlotte, NC 28288-0601, and incorrectly denominated in the Complaint as Wachovia Securities Inc., by way of answer to the Complaint of plaintiff Samrah Kazmi ("Plaintiff" or "Kazmi"), hereby states:

## I.    AS TO JURISDICTIONAL STATEMENT

1.    Defendant neither admits nor denies the allegations contained in the first sentence of paragraph 1 of the Complaint, which merely set forth the nature of plaintiff's action and, therefore, no response is necessary.  If and to the extent that any of the allegations of paragraph 1 require a response, Defendant denies said allegations. Defendant admits the allegations of the second sentence of paragraph 1 of the Complaint.

2.    Defendant neither admits nor denies the allegations contained in paragraph 2 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required.  If and to the extent that any of the allegations of paragraph 2 require

a response, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, the same are denied.

     3.     Defendant neither admits nor denies the allegations contained in paragraph 3 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required. If and to the extent that any of the allegations of paragraph 3 require a response, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, the same are denied.

     4.     Defendant neither admit nor denies the allegations contained in paragraph 4 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required. If and to the extent that any of the allegations of paragraph 4 require a response, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, the same are denied.

     5.     Defendant neither admits nor denies the allegations contained in paragraph 5 of the Complaint, which merely set forth the nature of plaintiff's action and, therefore, no response is necessary. If and to the extent that any of the allegations of paragraph 5 require a response, Defendant denies said allegations.

## II.   AS TO VENUE

     6.     Defendant neither admits nor denies the allegations contained in paragraph 6 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required. If and to the extent that any of the allegations of paragraph 6 require a response, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, the same are denied.

### III.    AS TO SUMMARY OF COMPLAINT

7.    Defendant neither admits nor denies the allegations contained in the first and second sentences of paragraph 7 of the Complaint as they set forth the nature of plaintiff's claims and conclusions of law to which no responsive pleading is required. Defendant denies the allegations contained in the third sentence of paragraph 7 of the Complaint except to admit that Defendant held the position of Associate in the Structured Asset Investors ("SAI") group during her tenure at Wachovia. Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 7 of the Complaint.

### IV.    AS TO PARTIES

#### A.    As to Plaintiff.

8.    Except to admit that Kazmi was employed by Wachovia in the County of New York, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

#### B.    As to Defendant.

9.    Defendant denies the allegations contained in the first sentence of paragraph 9 of the Complaint. Defendant admits the allegations contained in the second sentence of paragraph 9. Except to admit that Wachovia employees thousands of employees as a corporation, Wachovia denies the allegations contained in the third sentence of paragraph 9 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required.

## V.    AS TO STATEMENT OF FACTS

### A.    As to Allegation that Kazmi was Subject to Discriminatory Environment at Wachovia.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10 of the Complaint, except to admit that plaintiff was employed by Wachovia Capital Markets LLC from December 1999 until October 17, 2006. Defendant denies the allegations contained in the second sentence of paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in the first sentence of paragraph 11 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 11 of the Complaint and, therefore, the same are denied.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Defendant admits the allegations contained in the first sentence of paragraph 13 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 13 of the Complaint.

14.    Defendant denies the allegations contained in the first sentence of paragraph 14 of the Complaint, except to admit that Plaintiff joined the SAI group in August 2004. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 14 of the Complaint and, therefore, the same are denied..

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of the Compliant, except to admit that Messrs. Palmese and Eng held the title of Associates and that Mr. Fiordaliso held the title of Senior Analyst.

18.    Defendant denies the allegations contained in the first sentence of paragraph 18 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in of paragraph 19 of the Complaint.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint, except to state that Defendant lacks knowledge or information as to Plaintiff's feelings.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in the first sentence of paragraph 22 of the Complaint, except to state that to the extent that Burke used the terms "swing man" or "utility infielder", those terms are commonly-used terms. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 22 of the Complaint and, therefore, the same are denied. Defendant denies the allegations contained in the third sentence of paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, the same are denied.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 26 of the Complaint and, therefore, the same are denied.

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint, except to admit that Wachovia had concerns regarding plaintiff's interpersonal skills.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in the first sentence of

paragraph 31 of the Complaint, except to admit that Burke counseled Kazmi regarding her unacceptable behavior when interacting with co-workers. Defendant denies the allegations contained in the second sentence of paragraph 31 of the Complaint. Defendant denies the allegations contained in the third sentence of paragraph 31 of the Complaint, except to refer to a true and correct copy of the June 18, 2006 e-mail. Defendant denies the allegations contained in the fourth sentence of paragraph 31 of the Complaint.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 32 of the Complaint. Defendant denies the allegations contained in the third sentence of paragraph 32 of the Complaint. Defendant admits the allegations contained in the fourth sentence of paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in the first sentence of paragraph 33 of the Complaint. Defendant denies the second and third sentence of paragraph 33 of the Complaint, except to admit that Burke counseled Plaintiff that she needed to work cooperatively and productively with other team members.

34.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 34 of the Complaint and, therefore, the same are denied. Defendant denies the allegations contained in the second, third and fifth sentences of paragraph 34 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 34 of the Complaint and,

therefore, the same are denied. Defendant denies the allegations contained in the sixth sentence of paragraph 34 of the Complaint, except to admit that Plaintiff communicated with Jami Wright but did not complain about the issues discussed in paragraph 34.

35.    Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in the first sentence of paragraph 36 of the Complaint, except to admit that Elena Korneeva resigned in October 2006. Defendant denies the allegations contained in the second sentence of paragraph 36 of the Complaint, except to admit that plaintiff was terminated on October 17, 2006.

**As to Plaintiff's Allegations that Male and Caucasian Employees Take Precedence:**

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint, including all subparts thereof.

**As to Plaintiff's Allegations Family Medical Leave Discriminatorily Enforced:**

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.    Defendant denies the allegations contained in the first sentence of paragraph 39 of the Complaint, except to admit that Plaintiff took time off in February 2005. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 39 of the Complaint. Defendant denies the allegations contained in the third and fourth sentences of paragraph 39 of the Complaint.

40.    The allegations contained in the first sentence of paragraph 40 of the Complaint are too ambiguous to permit Defendant to make a response and, accordingly, Defendant denies said allegations.  Defendant denies the allegations contained in the second sentence of paragraph 40 of the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 40 of the Complaint.  Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 40 of the Complaint, except to admit that Wachovia adjusted Plaintiff's pay, in accordance with Wachovia policies.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 41 of the Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 41 of the Complaint.  Defendant denies the allegations contained in the third sentence of paragraph 41 of the Complaint, except to admit that Plaintiff advised her supervisor of Plaintiff's mother's illness.  Defendant denies the allegations contained in the fourth sentence of paragraph 41 of the Complaint, except to refer to a true and correct copies of the e-mail dated September 2006 (to the extent such e-mail exists) for its content.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 41 of the Complaint and, therefore, the same are denied.  Defendant denies the allegations contained in the seventh and eighth sentences of paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in the first sentence of paragraph 42 of the Complaint. Defendant denies the allegations contained in the second and third sentences of paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in the first sentence of paragraph 43 of the Complaint. Defendant admits the allegations contained in the second sentence of paragraph 43 of the Complaint. Defendant denies the allegations contained in the third and fourth sentences of paragraph 43 of the Complaint.

44.    Defendant denies the allegations contained in the first sentence of paragraph 44 of the Complaint.

**As to Plaintiff's Allegations Licensing Discriminatorily Not Maintained and Solicited:**

45.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 45 of the Complaint and, therefore, denies said allegations. Defendant denies the allegations contained in the second sentence of paragraph 45 of the Complaint. Defendant denies the allegations contained in the third sentence of paragraph 45 of the Complaint. Defendant denies the allegations contained in the fourth sentence of paragraph 45 of the Complaint. Defendant denies the allegations contained in the fifth sentence of paragraph 45 of the Complaint.

**As to Plaintiff's Allegations Regarding Conferences & Due Diligence for White Caucasian American Males Non-Muslim:**

46.    Defendant denies the allegations contained in paragraph 46 of the Complaint.

**As to Plaintiff's Allegations that Wachovia Did Not Address Complaints but Let the Discriminatory Environment Prevail**:

47.    Defendant denies the allegations contained in paragraph 47 of the Complaint, except to admit that Plaintiff sent an e-mail to Human Resources on April 30, 2006, which Human Resources responded to.

**As to Plaintiff's Allegations Regarding Termination:**

48.    Defendant denies the allegations contained in paragraph 48 of the Complaint, except to admit that Plaintiff moved her work station.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in the first sentence of paragraph 50 of the Complaint, except to admit that Plaintiff was terminated on October 17, 2006. Defendant denies the allegations contained in the second sentence of paragraph 50 of the Complaint and refers to a true and correct copy of the U-5 for its terms.

51.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 51 of the Complaint and, therefore, denies said allegations. Defendant denies the allegations contained in the second sentence of paragraph 51 of the Complaint, except to refer to the U-5 filed following plaintiff's termination for its content. Defendant denies the allegations contained in the remainder of paragraph 51 of the Complaint.

**As to Plaintiff's Allegations that Complainant Replaced by a White Caucasian American Male Non-Muslim: A Premeditated Longstanding Plan:**

52.    Defendant denies the allegations contained in the first sentence of paragraph 52 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 52 of the Complaint, except to refer to a true copy of the e-mail dated March 19, 2006 for its content. Defendant denies the allegations contained in the third sentence of paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in the first sentence of paragraph 53 of the Complaint, except to admit that Plaintiff was asked to work with Burke. Defendant denies the allegations contained in the second sentence of paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in paragraph 55 of the Complaint, except to state that that Plaintiff received unemployment benefits in the amount of $405.00.

56.    Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.    Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and, therefore, the same are denied.

59.    Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in paragraph 60 of the Complaint.

## VI.    AS TO CONCLUSION

61.    Defendant denies the allegations contained in paragraph 61 of the Complaint.

## VII.    AS TO CAUSES OF ACTION

### A.    AS TO PLAINTIFF'S ALLEGATIONS REGARDING VIOLATION OF TITLE VII:
**As to First Cause of Action:**    Gender, Race, Religion and National Origin Discrimination

62.    Defendant repeats and realleges each and every answer to the allegations contained in paragraphs 1 through 61 of the Complaint, as if fully set forth herein.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.    Defendant denies the allegations contained in paragraph 67 of the Complaint.

WHEREFORE, Defendant Wachovia demands judgment in its favor and against Plaintiff, dismissing the Compliant in its entirety and with prejudice, and awarding Defendant its costs and attorneys' fees and any further relief deemed appropriate by the Court.

**B.    AS    TO    PLAINTIFF'S    ALLEGATIONS    REGARDING VIOLATION OF FAMILY AND MEDICAL LEAVE ACT.**

**As to Second Cause of Action: Violation of the FMLA.**

68.    Defendant repeats and realleges each and every answer to the allegations contained in paragraphs 1 through 68 of the Complaint, as if fully set forth herein.

69.    Defendant denies the allegations contained in the first sentence of paragraph 69 of the Complaint. Defendant neither admits nor denies the allegations contained in the second sentence of paragraph 69 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required.

70.    Defendant denies the allegations contained in paragraph 70 of the Complaint.

71.    Defendant denies the allegations contained in paragraph 71 of the Complaint.

WHEREFORE, Defendant Wachovia demands judgment in its favor and against Plaintiff, dismissing the Compliant in its entirety and with prejudice, and

awarding Defendant its costs and attorneys' fees and any further relief deemed appropriate by the Court.

**C.    AS TO PLAINTIFF'S ALLEGATIONS OF VIOLATION OF NEW YORK STATE STATUTES.**

<u>**As to Third Cause of Action**</u>: **Violation of Article 15 of the New York Executive and Human Rights Laws.**

72.    Defendant repeats and realleges each and every answer to the allegations contained in paragraphs 1 through 71 of the Complaint, as if fully set forth herein.

73.    Defendant neither admits nor denies the allegations contained in the paragraph 73 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required.

74.    Defendant neither admits nor denies the allegations contained in the paragraph 74 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required.

75.    Defendant denies the allegations contained in paragraph 75 of the Complaint.

76.    Defendant denies the allegations contained in paragraph 76 of the Complaint.

WHEREFORE, Defendant Wachovia demands judgment in its favor and against Plaintiff, dismissing the Compliant in its entirety and with prejudice, and awarding Defendant its costs and attorneys' fees and any further relief deemed appropriate by the Court.

**Note:   Paragraphs 77 through 101 of the Complaint are omitted. Therefore, Defendant makes no response.**

## VII.   AS TO RELIEF SOUGHT

102.   Defendant denies that Plaintiff is entitled to the damages claimed in paragraph 102 of the Complaint.

### A.   As to Damages:

#### 1.   As to Underemployment & Back Pay:

103.   Defendant denies that Plaintiff is entitled to the damages claimed in paragraph 103 of the Complaint.

#### 2.   As to Front Pay:

104.   Defendant denies that Plaintiff is entitled to the damages claimed in paragraph 104 of the Complaint.

#### 3.   As to Compensatory Damages:

105.   Defendant denies that Plaintiff is entitled to the damages claimed in paragraph 105 of the Complaint.

#### 4.   As to Punitive Damages:

106. Defendant denies that Plaintiff is entitled to the damages claimed in paragraph 106 of the Complaint.

107.   Defendant denies that Plaintiff is entitled to the damages claimed in paragraph 107 of the Complaint.

#### 5.   As to Attorneys/Expert Witness Fees:

108.  Defendant neither admits nor denies the allegations contained in the paragraph 108 of the Complaint as they set forth conclusions of law as to which no responsive pleading is required.

### 6.  As to Interest:

109.  Defendant denies that Plaintiff is entitled to the damages claimed in paragraph 108 of the Complaint.

WHEREFORE, Defendant Wachovia demands judgment in its favor and against Plaintiff, dismissing the Compliant in its entirety and with prejudice, and awarding Defendant its costs and attorneys' fees and any further relief deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Any action of defendant with respect to plaintiff was based on legitimate, non-discriminatory business reasons.

### THIRD SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to her own conduct and not to the actions or inactions of defendant, its employees, agents or representatives.

### FOURTH SEPARATE DEFENSE

Plaintiff has failed to avoid or mitigate her damages, if any.

## FIFTH SEPARATE DEFENSE

Plaintiff was an at-will employee with no contract of employment or expectation of continued employment.

## SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and is otherwise time barred by applicable law.

## SEVENTH SEPARATE DEFENSE

Plaintiff would be unjustly enriched by any recovery.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

## NINTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages is barred by applicable law and would violate the Due Process Article of the United States Constitution.

## TENTH SEPARATE DEFENSE

Defendant reserves the right to assert any other defenses that may become evident through investigation or discovery.

WHEREFORE, Defendant Wachovia demands judgment in its favor and against plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding defendant its costs and attorneys' fees and any further relief deemed appropriate by the Court.

FISHER & PHILLIPS LLP
Attorneys for Defendant
430 Mountain Avenue
Murray Hill, New Jersey 07974
Telephone:    (908) 516-1050
Facsimile:    (908) 516-1051
e-mail:        kcaminiti@laborlawyers.com


By:    s/Kathleen McLeod Caminiti
        KATHLEEN McLEOD CAMINITI
        Of Counsel for the Firm

Dated:  April 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served, via U.S. mail and ECF, a copy of Defendant's Answer to Complaint, Demand for Jury Trial and Affirmative Defenses upon:

> Jenice L. Malecki, Esq.
> The Malecki Firm
> 11 Broadway, Suite 715
> New York, New York 10004

> FISHER & PHILLIPS LLP
> Attorneys for Defendant
> 430 Mountain Avenue
> Murray Hill, New Jersey 07974
> Telephone:  (908) 516-1050
> Facsimile:  (908) 516-1051
> E-mail:  kcaminiti@laborlawyers.com

> By:  s/Kathleen McLeod Caminiti
> KATHLEEN McLEOD CAMINITI
> Of Counsel for the Firm

Dated:  April 7, 2008